Olsi Vrapi
Noble & Vrapi, P.A.
5931 Jefferson St. NE
Suite A
Albuquerque, NM 87109
(505) 352-6660
olsi@noblelawfirm.com
Attorney for Plaintiffs[1]

Andrew K. Nietor
Law Office of Andrew K. Nietor
750 B St.
Suite 2330
San Diego, CA 92101
(619) 794-2386
andrew@nietorlaw.com
Attorney for Plaintiffs

# U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIZ SHOKROLLAHI and SEYED ALI SHOKROLLAHI. | Case No.: '18 CV2379 LAB AGS |
| Plaintiffs, | **COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT** |
| v. | |
| MIKE POMPEO, U.S. Secretary of State; U.S. DEPARTMENT OF STATE, an Agency of the United States; JEFFERSON BEAUREGARD SESSIONS, III, U.S. Attorney General; CHRISTOPHER WRAY, Director of FBI; FEDERAL BUREAU OF INVESTIGATIONS, an Agency of the United States; THE UNITED STATES OF AMERICA | |
| Defendants. | |

## I. INTRODUCTION

1.      Plaintiffs, Parviz Shokrollahi and Seyed Ali Shokrollahi, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to

complete issuance of Plaintiff Seyed Ali Shokrollahi's visa without further delay.  Plaintiff Parviz Shkrollahi filed a visa petition on behalf of his brother, Plaintiff Seyed Ali Shokrollahi in September 2002.  This petition became current and Plaintiff Seyed Ali Shokrollahi properly filed a visa application on September 4, 2015 with the predecessor to Defendant Pompeo and Defendant U.S. Department of State.  He was interviewed by Defendants on February 4, 2016.  Following the interview, he was placed in "administrative processing" for more than 1.5 years.  Finally he was cleared for visa issuance in late 2017.  The Trump Administration's travel ban again prevented visa issuance whereby a waiver would be needed.  Plaintiffs applied for said waiver immediately in late 2017 and Plaintiffs were informed that the waiver was approved.  Since then there has been no response by Defendants.  Plaintiff's application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiff.

## JURISDICTION AND VENUE

2.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3.   Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires the Department of State to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable*

---

[1] Application for admission *pro hac vice* to be filed shortly.

*time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). Department of State is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4. As set forth below, the delay in processing the Plaintiffs' properly filed visa application is unreasonable.

5. Venue is proper in the Southern District of California pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff Parviz Shokrollahi resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. No exhaustion requirements apply to the Plaintiffs' complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the issuance of a visa for which he has been cleared. Defendants have unreasonably delayed and failed to adjudicate the Plaintiffs' application for more than 3 years. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of Defendants to issue his visa. Plaintiffs have made numerous inquiries with the various agencies involved and all they have received has been silence.

## PARTIES

7. Plaintiff Parviz Shokrollahi is citizen of the United States. He filed an I-130 visa petition on behalf of his brother Plaintiff Seyed Ali Shokrollahi in 2002.

8.   Plaintiff Seyed Ali Shokrollahi is a citizen of Iran.  He has been awaiting visa issuance on the above referenced petition since February 2016.

9.   Defendant Mike Pompeo is the Secretary of State, and as such is charged by statute regarding visa issuance to aliens.  He is sued in his official capacity only.

10. United States Department of State is an agency of the United States in charge of issuing immigrant visas such as Plaintiff Seyed Ali Shokrollahi has applied for.

11. Defendant Jefferson Beauregard Sessions III is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

12. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

13. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

14. Defendants are in charge of the processing and adjudication of applications and related background checks for immigrant visa issuance.

**LEGAL FRAMEWORK**

15. On September 24, 2017, President Trump signed the third version of the travel ban, Presidential Proclamation 9645, entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats." Presidential Proclamation 9645, 82 Fed. Reg. 45161 (Sept. 27, 2017). (Exhibit A) The

Proclamation provides for discretionary case-by-case waivers from a now-indefinite travel ban on nationals of the six Muslim-majority countries.

16. Affected states and individuals immediately brought suit against the Proclamation in federal district court in Hawaii and Maryland, seeking to block implementation of the travel ban. On October 17, 2017, the Hawaii court granted a nationwide temporary restraining order and the following day the Maryland court issued a nationwide preliminary injunction.

17. The government appealed these decisions to the Ninth and Fourth Circuit Courts of Appeals. It also requested the U.S. Supreme Court to issue a stay of the Hawaii and Maryland courts' decisions blocking the Proclamation's implementation pending disposition of its appeals of those decisions in the circuit courts. The U.S. Supreme Court granted that request on Monday, December 4, 2017, thereby allowing the Proclamation's travel ban to take full effect. Oral arguments in the circuit courts proceeded.

18. On Friday, December 22, 2017, the Ninth Circuit affirmed the Hawaii court's preliminary injunction order but stayed its decision pending review by the U.S. Supreme Court. On February 14, 2018, the Fourth Circuit affirmed the Maryland court's preliminary injunction order, but also stayed its decision pending review by the U.S. Supreme Court.

19. The two most recent versions of the travel ban specifically provided for "case-by-case waivers" to be granted by consular officers under a non-exclusive list of circumstance for visa applicants from the banned countries. Section 3 of the Proclamation contains a subsection entitled "Waivers," which states:

> Notwithstanding the suspensions of and limitations on entry set forth in section 2 of this proclamation, a consular officer, or the Commissioner, United States Customs and Border Protection (CBP), or the Commissioner's designee, as appropriate, may, in their discretion, grant waivers on a case-by-case basis to permit the entry of foreign nationals for whom entry is otherwise suspended or limited if such foreign nationals demonstrate that waivers would be appropriate

and consistent with subsections (i) through (iv) of this subsection [laying out waiver standards].

82 Fed. Reg. at 45167.

20. The Proclamation explains that a waiver may be granted if, in a consular officer's or CBP's discretion, a foreign national has demonstrated that (1) a denial of entry "would cause the foreign national undue hardship"; (2) his or her "entry would not pose a threat to the national security or public safety of the United States"; and (3) his or her "entry would be in the national interest." 82 Fed. Reg. at 45168.

## **FACTUAL AND PROCEDURAL BACKGROUND**

21. Plaintiff Parviz Shokrollahi filed a visa petition in 2002 on behalf of his brother Seyed Ali Shokrollahi.

22. This visa petition was approved several years later.

23. On September 8, 2015, Plaintiff Seyed Ali Shokrollahi filed his visa application with the National Visa Center, an agency of the U.S. Department of State that processed immigrant visa applications.  Exhibit A, submission confirmation.

24. Plaintiff Seyed Ali Shokrollahi was notified on December 29, 2015 that his immigrant visa interview was scheduled for February 4, 2016.  Exhibit B, interview notice at the U.S. Consulate in Abu Dhabi.

25. Due to the sanctions imposed on Iran, U.S. persons are generally not allowed to trade with Iran.  While Mr. Seyed Ali Shokrollahi was not a U.S. person yet, he would have been upon admission to the United States as a lawful permanent resident.  Therefore, in preparation for this eventuality, and to be as safe as possible on this issue, he divested of all his interest in a company he co-owned in Iran.  He sold his shares to his partners and the sale was put in escrow which would close on issuance of the visa.  Mr. Shokrollahi was looking forward to his new life in the

United States and leave nothing behind in Iran.  He had this documentation with him at the interview, but the consular officer did not accept it.

26. After he was interviewed, he was informed that he was being placed in administrative processing and a visa could not be issued.  Plaintiffs consistently followed up with the U.S. consulate in Abu Dhabi, the Department of State's Visa Office in Washington DC and made repeated inquires through Representative Calvert's office.  Exhibit C.

27. Several months later, Abu Dhabi Post asked Plaintiff Seyed Ali Shokrollahi to submit the very documentation he had prepared and tried to submit during his visa interview regarding the divestiture of his interest in the company.  The request for information and documentation was complied with shortly thereafter.

28. Plaintiffs repeatedly inquired with the Abu Dhabi Post following this submission.  No response was received for many months.

29. At the end of November 2017, Plaintiff Seyed Ali Shokrollahi was contacted[2] by Abu Dhabi Post asking him to appear at the soonest possible date to be issued his visa. Unfortunately, the Supreme Court lifted the travel ban stays granted by the 4th and 9th Circuits the day before he was to appear at Abu Dhabi Post to pick up his visa.  Instead he was issued a refusal letter without even taking account that he was indeed eligible for a waiver.  Exhibit D, refusal letter.

30. On January 25, 2018, Plaintiffs submitted a waiver application under the Presidential Proclamation.   Plaintiff Seyed Ali Shokrollahi was eligible for a waiver since his wife and 2 children are currently in the United States in F-1 status undergoing studies at the University of

---

[2] Although Plaintiffs have been represented by undersigned counsel throughout this administrative process, the post has refused to contact counsel, but instead contacts the applicant directly.

New Mexico.  All of his other close family also lives in the United States.  He has no immediate family left in Iran.

31. Plaintiff Parviz Shokrollahi was informed by his Congressional Representative's office (Rep. Calvert) that the waiver application had been approved on or about February 2018.

32. This notification was confirmed by the post sending Plaintiff Seyed Ali Shokrollahi a request to provide his social media handles so the post could do some final vetting on February 13, 2018.  The response with the requested information was provided to the post on February 20, 2018.

33. Despite repeated inquires to the Abu Dhabi Post, there has been no decision on visa issuance by the consular post.  Plaintiff Seyed Ali Shokrollahi appears to have been placed back in administrative processing which is where he was and cleared from prior to the travel ban issues.  There has not even been any communication to undersigned counsel's repeated inquires. The only responses the Abu Dhabi post has provided have been to Rep. Calvert's office.

34. Plaintiff has suffered prejudice from the delay in this process because he is not free to enter the United States as petitioned for.  He has not seen his wife in children in years as they are unable to travel outside the United States as they would be unable to return due to the travel ban in place.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

35. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

36. Defendants in this case have failed to issue a visa for years.  Even after Plaintiffs have been made to jump through numerous hoops and complied with every single request successfully, Defendants' failure to issue the visa persists. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs.  Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the Administrative Procedures Act is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

37. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

38. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action or inaction. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action or inaction for which there is no other adequate remedy in court.  5 U.S.C. § 704.

39. The action or inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

40. The allegations contained in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

41. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to issue a visa when all requirements have been complied with.

- 9 -

42. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)).  The Plaintiff clearly meets all three of these criteria.

43. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking an immigrant visa, including submission of all necessary forms and supporting documents including a travel ban waiver which has been approved.

44. Defendants have unreasonably failed to adjudicate the Plaintiffs' application for a visa for almost 3 years, thereby depriving the Plaintiff of their rights. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

45. The Defendants owe the Plaintiff a duty to adjudicate his visa application, pursuant to law, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

46. The Plaintiff has no alternative means to obtain adjudication of his visa application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

47. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE's repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 3 years since he made his visa application and more than 6 months since approval of his travel ban waiver.  This is an unacceptable and unreasonable delay.

48. The Plaintiff is entitled to action on his long-pending visa application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

49. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the visa applications and any related background checks is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending applications for an immigrant visa.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 17th day of October 2018.

/s/ Olsi Vrapi

Olsi Vrapi
Attorney for Plaintiffs (Application for admission *pro hac vice* to be filed)
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblelawfirm.com


/s/ Andrew K. Nietor
Andrew K. Nietor
Attorney for Plaintiffs
Law Office of Andrew K. Nietor
750 B St.
Suite 2330
San Diego, CA 92101
(619) 794-2386
andrew@nietorlaw.com
Attorney for Plaintiffs